UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA KAY FLAMINIO,

        Plaintiff,

     v.                                            Case No. 19-C-312

SAM MCLAIN,

        Defendant.

## DECISION AND ORDER

Plaintiff Lisa Kay Flaminio sued Defendant Sam McLain for negligence resulting in serious injuries she sustained when she fell nine feet onto a concrete patio after stepping off a deck attached to McLain's home. The deck from which Flaminio fell did not have a railing. The complaint alleges that Flaminio and McLain are citizens of Michigan and Wisconsin, respectively, and the amount in controversy exceeds $75,000. The court thus has jurisdiction under 28 U.S.C. § 1332. The case is before the court on McLain's motion for summary judgment. McLain contends he is entitled to summary judgment because Wisconsin's builder's statute of repose, Wis. Stat. § 893.89, precludes Flaminio's negligence action. For the reasons that follow, McLain's motion for summary judgment, Dkt. No. 21, will be denied.

## BACKGROUND

On or about October 20, 2017, Flaminio visited McLain's home at 4521 JFK Lane, Florence, Wisconsin. Defs.' Proposed Findings of Fact (DPFOF), ¶ 20, Dkt. No. 23. Flaminio, a kitchen and bath designer for Hometowne Lumber, and McLain, a construction contractor, met through their work. *Id.* at ¶ 3. Flaminio visited McLain's home on or about October 20, 2017, at

his invitation. Plaintiff's Additional Facts (PAF), ¶ 30, Dkt. No. 29. They initially discussed work projects, but then socialized over drinks. DPFOF, ¶ 23. Flaminio consumed one glass of wine and began on a second glass of wine during the evening. *Id.* at ¶ 24.

After dark, Flaminio went outside to smoke a cigarette, proceeding through a glass door and onto the deck; the exterior light—operated by an interior switch in the kitchen—was off. *Id.* at ¶¶ 19, 25, 27–28. Subsequently, Flaminio fell from the deck onto a concrete patio about nine feet below the deck where she was found by McLain. *Id.* at ¶¶ 18, 30. A the time of her fall, the deck did not have a railing, a fact that McLain did not share with Flaminio before she stepped onto the deck; nor did McLain warn Flaminio not to go outside on the deck. *Id.* at ¶ 26. Flaminio asserts that she fell because the deck did not have a railing. *Id.* at ¶ 29. At the time of her fall, the deck's dimensions allowed an individual to exit the kitchen door, walk eighteen inches, and then fall nine feet below. PAF, ¶ 29. The fall caused Flaminio personal injuries, including injuries to her legs, spine, pelvis, and arm, along with a broken femur and brain injury. DPFOF, ¶ 31; *see also* Dkt. No. 1 at 2.

McLain purchased the property where his house is located in 1997; initially, he lived in a mobile home that was on the property while his current home was under construction. DPFOF, ¶¶ 8–9. McLain started construction on his current home in fall 1999, which was completed in spring 2000. *Id.* at ¶ 10. In 2002, McLain added an exterior staircase, small wooden deck, and sliding glass door (opening to the kitchen) to his home. *Id.* at ¶ 11. McLain used these additions—the sliding door, deck, and staircase—as an entrance and exit to his home. *Id.* at ¶ 14. The deck did not have a railing at the time of construction and remained without a railing when Flaminio fell on October 20, 2017. *Id.* at ¶¶ 15–16. McLain claims he intended to add a railing to the deck, but did not do so until some point after October 20, 2017. *Id.* The stairs and deck have not been

2

altered since construction in 2002. *Id.* at ¶ 13. The outside deck was required to have a railing, according to the applicable building code. *Id.* at ¶ 17. A three-season room was included in the original plan for the home; it would have attached to the back of the home, but was never completed. PAF, ¶¶ 9, 11. The sliding door from the kitchen would open to the deck; the entrance to the three-season room was to be from outside the home, about fifteen to eighteen inches from the kitchen door. *Id.* at ¶ 16. Florence County issued McLain a building permit to construct his house on November 7, 2001, which expired on November 11, 2002. *Id.* at ¶¶ 24–25. McLain did not renew the building permit and Florence County never made a final inspection after it issued the permit. *Id.* at ¶¶ 60–61. McLain performed work on the three-season room between 2005 and 2006. *Id.* at ¶ 22.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotel, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "[A] factual dispute is 'genuine' for summary judgment purposes only when there is 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[A] 'metaphysical doubt' regarding the existence of a genuine fact issue is not enough

3

to stave off summary judgment, and 'the nonmovant fails to demonstrate a genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id.* (quoting *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

Flaminio argues that McLain's negligence caused her injuries. Under Wisconsin law, everyone "has a duty to use ordinary care in all of his or her activities, and a person is negligent when that person fails to exercise ordinary care." *Alvarado v. Sersch*, 2003 WI 55, ¶ 14, 262 Wis. 2d 74, 662 N.W.2d 350 (citing *Gritzner v. Michael R.*, 2000 WI 68, ¶¶ 20 & 22, 235 Wis. 2d 781, 611 N.W.2d 906). "In Wisconsin a duty to use ordinary care is established whenever it is foreseeable that a person's act or failure to act might cause harm to some other person." *Id*. A claim for negligence requires establishing: "'(1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury.'" *Miller v. Wal-Mart Stores*, *Inc*., 219 Wis. 2d 250, 260, 580 N.W.2d 233 (1998) (quoting *Rockweit v. Senecal*, 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995)). Though the complaint fails to allege any specific negligent acts or omissions on McLain's part, it appears from Plaintiff's Memorandum of Law Opposing Defendant's Motion for Summary Judgment that she is claiming McLain's negligence consisted not only of his failure to install a railing on his deck, but also his failure to provide lighting so the dangerous condition

could be seen by his guests, or at least warn her of the dangerous condition before she went outside onto his deck.

McLain argues that he is entitled to summary judgment because Wisconsin's builder's statute of repose, Wis. Stat. § 893.89, precludes Flaminio's negligence action against him. Section 893.89(2) states in pertinent part:

> Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

The statute in effect at the time of the accident defined "exposure period" to mean ten years after the "date of substantial completion of the improvement to real property." Wis. Stat. § 893.89(1) (2015–16). Effective April 5, 2018, it was reduced to seven years.

Flaminio argues that the statute of repose does not apply in this case because the improvement was never "substantially completed." The phrase "substantial completion" is not defined by statute, but the Wisconsin Court of Appeals construed this phrase of the statute (as phrased in a prior version of the statute as "substantial completion of construction") in *Holy Family Catholic Congregation v. Stubenrauch Assocs., Inc.*, 136 Wis. 2d 515, 520, 402 N.W.2d 382 (Ct. App. 1987). The court reasoned that the phrase "suggests that the period begins to run some time before final completion," but "[p]recisely when substantial completion occurs . . . cannot be discerned from the face of the statute" and "justifiably invites the parties to disagree." *Id.* at 521. Considering the common use of the word "substantial" and absent clear legislative intent, the court found that "the date of occupation and use for its intended purpose is a significant

5

factor in signaling a building's substantial completion." *Id.* at 524. Based on its careful analysis, the court concluded in *Holy Family* that construction should be deemed substantially complete when the building is first occupied for its intended purpose. *Id.* at 525.

In this case, it is undisputed that McLain had occupied the home where the accident occurred as a residence for more than ten years before the accident occurred. But unlike *Holy Family* and other cases applying the statute, it appears his occupancy was not lawful. Under state law, McLain was required to obtain a building permit for his residence and have a final inspection before he occupied it. The Wisconsin Administrative Code requires that building permits be obtained for residential dwellings. Wis. Adm. Code § SPS 320.08. The Code further provides that subject to exceptions not relevant here, "the dwelling may not be occupied until a final inspection has been made that finds no critical violations of this code that could reasonably be expected to affect the health or safety of a person using the dwelling." Wis. Adm. Code § SPS 320.10(4)(h). Since McLain's residence had never been finally inspected and legally approved for occupancy, it was never substantially completed. It thus follows that the exposure period has not run.

In addition and alternatively, it should be noted that there are several statutory exceptions to the statute of repose where liability is not precluded. As provided in Wis. Stat. § 893.89(4), the statute of repose is applicable to any of the following:

> (a) A person who commits fraud, concealment or misrepresentation related to a deficiency or defect in the improvement to real property.
> 
> (b) A person who expressly warrants or guarantees the improvement to real property, for the period of that warranty or guarantee.
> 
> (c) An owner or occupier of real property for damages resulting from negligence in the maintenance, operation or inspection of an improvement to real property.

6

Here, even if McLain's improvements to the real estate were deemed substantially complete ten years before the accident, his concealment of the serious code violations concerning the absence of a railing by failing to request a final inspection would render the statute inapplicable under § 893.89(4)(a). And Flaminio's assertions that he was also negligent in failing to provide lighting so that she could see the dangerous condition or at least warn her before she went out on the deck would fall within the exception in § 893.89(4)(c). Such failures amount to allegations of negligence in the operation or maintenance of the improvement to real property. For these reasons as well, Flaminio's action is not barred by Wisconsin's building improvement statute of repose. McLain's motion for summary judgment must therefore be denied.

In sum, under Wisconsin law, McLain owed a duty of ordinary care to all, including Flaminio, an invited house guest. Whether he breached that duty is a question for a jury. Section 893.89 does not bar her claim.

## CONCLUSION

Based upon the foregoing analysis, Defendant's motion for summary judgment (Dkt. No. 21) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court